United States District Court

Eastern District of Louisiana

Humbles

v.                                          CIVIL ACTION NO. 2:00-cv-0003, J

R J Reynolds Tobacco


     The record reflects that a Notice of Removal has been filed in

the captioned case; accordingly,

     Pursuant to 28 U.S.C. 1447(b), the removing party is directed

to file within 10 days:

     (1) A list of all parties still remaining in this action;

     (2) Copies of all pleadings, including answers, filed by
         those parties in state court; and

     (3) Copies of the return on service of process on those
         parties filed in state court.


     New Orleans, Louisiana, January 4, 2000.


                              By Direction of the Court


                              LORETTA G. WHYTE, CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN -3 P 3: 52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID HUMBLES and DALE H. HAYDELL | * | CIVIL ACTION |
| | * | |
| | * | NO.    **00-0003** |
| Plaintiffs, | * | |
| | * | SECTION "" ()    **SECT. J MAG. 2** |
| VERSUS | * | |
| | * | JUDGE |
| R.J. REYNOLDS TOBACCO COMPANY, | * | |
| QUAGLINO TOBACCO AND CANDY | * | MAGISTRATE |
| COMPANY, and BROWN & WILLIAMSON | * | |
| TOBACCO CORPORATION | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:    **The Honorable Judges of The
United States District Court
Eastern District of Louisiana**

Petitioners, R.J. Reynolds Tobacco Company ("Reynolds") and Brown &

Williamson Tobacco Corporation ("Brown & Williamson"), through their respective undersigned

509121/1
Fee 150.00
Proceeded
X Dktd
CtRmDep
Doc.No.

counsel, and with full reservation of any and all defenses, including but not limited to insufficiency of process and insufficiency of service of process, respectfully represent:

### Plaintiffs' State Court Allegations

**1.**

On December 13, 1999, plaintiffs David Humbles and Dale H. Haydell filed their original Petition for Damages (the "Complaint") in the Civil District Court, Parish of Orleans, State of Louisiana, Proceeding No. 99-20073. A copy of the Complaint is attached as Exhibit "A".

**2.**

The Complaint names as defendants Reynolds, Brown & Williamson, and Quaglino Tobacco and Candy Company ("Quaglino"). Complaint, ¶¶ II, III, IV.

**3.**

In the Complaint, plaintiffs assert claims for damages allegedly sustained as a result of the death of Martha Duncan "of lung cancer caused by smoking cigarettes manufactured by defendants." Complaint, ¶ I.

**4.**

The Complaint was received for the first time by any defendant on December 17, 1999, when Reynolds' agent was served with process and a copy of the Complaint.

**5.**

On information and belief, Brown & Williamson has not yet been formally served with process.

- 2 -

509121/1

**6.**

Quaglino was served with process and a copy of the Complaint on December 21, 1999.

**7.**

Other than the filing of the Complaint, issuance of Citation, and service on defendants, no proceedings have been had in the Civil District Court for the Parish of Orleans, State of Louisiana, as of the date of the filing of this removal.

## Removal On Diversity Grounds

**8.**

This civil action is a matter over which this Court has original jurisdiction by virtue of 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants under the provisions of 28 U.S.C. § 1441(b) in that it is a civil action in which plaintiffs' claims involve an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between citizens of different states.

**9.**

Plaintiffs David Humbles and Dale H. Haydell allege that they are residents of the State of Louisiana. Complaint, ¶ I.

**10.**

Defendant Reynolds was at the time of filing of plaintiffs' Complaint and is now a New Jersey corporation with its principal place of business in the State of North Carolina.

509121/1

**11.**

Defendant Brown & Williamson was at the time of filing of plaintiffs' Complaint and is now a Delaware corporation with its principal place of business in the State of Kentucky.

**12.**

Plaintiffs' Complaint also names as a defendant Quaglino. The citizenship of Quaglino, however, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441(b) as it is not a proper party to this action. Specifically, Quaglino has been fraudulently joined as a defendant solely for the purpose of defeating diversity jurisdiction herein. Quaglino does not manufacture cigarettes.

**13.**

Quaglino sold cigarettes in their original sealed containers. Quaglino does not have any greater knowledge of the composition or properties of cigarettes than the consuming public. Louisiana law forbids the imposition of tort liability on distributors or retailers, such as Quaglino, which did not manufacture, design, or alter packaged goods before sale. *See Ard v. Kraft, Inc.,* 540 So. 2d 1172, 1177 (La. App. 1st Cir.), *writ denied,* 542 So. 2d 515 (La. 1989). *See also Chappius v. Sears Roebuck & Co.,* 358 So. 2d 926, 930 (La. 1978), *reh'g denied,* 366 So. 2d 526 (a distributor or retailer of packaged goods is not held to the same duty as that imposed upon the manufacturer of the product in the absence of the distributor or retailer holding itself out as the product manufacturer or one able to control the quality of the product).

- 4 -

509121/1

**14.**

Moreover, on April 16, 1997, the Civil District Court for the Parish of Orleans granted judgment in favor of Quaglino (and other local distributors and retailers) on an exception of no cause of action in *Scott v. American Tobacco Co.*, No. 96-8461 (Civ. Dist. Ct., Orleans Parish) (Exhibit "B").

**15.**

Plaintiffs have no possibility of recovery against Quaglino under any of the allegations contained in their Complaint.  Moreover, plaintiffs cannot allege any facts to establish liability on the part of Quaglino.  Therefore, plaintiffs' joinder of this defendant is improper and fraudulent.  Its citizenship should be disregarded for the purposes of this Court's diversity jurisdiction under 28 U.S.C. § 1332 and this Court's removal jurisdiction under 28 U.S.C. § 1441(b).

**16.**

Therefore, there is complete diversity of citizenship between plaintiffs and all properly joined defendants.

**17.**

Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of first receipt by defendant of plaintiffs' original state court pleading.

**The Amount In Controversy**

**18.**

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  In the Complaint, plaintiffs alleges that they are entitled to recover over $14,000,000.00 from defendants. (Complaint, ¶ XI).

- 5 -

**19.**

In determining whether a complaint alleges damages sufficient to satisfy the jurisdictional prerequisites of 28 U.S.C. § 1332, the total value of all recoverable compensatory damages, punitive damages, and statutorily authorized damages, attorney fees, costs and fees are considered. *See, e.g., Tapscott v. M.S. Dealer Services Corp.,* 77 F. 3d 1353 (11th Cir. 1996); *In re Abbott Labs,* 51 F. 3d 524 (5th Cir.), *reh'g denied,* 65 F. 3d 33 (5th Cir. 1995); 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 3725.

**20.**

Thus, it is clear that the amount in controversy in plaintiffs' Complaint exceeds $75,000.00.

**21.**

Alternatively, this Court has supplemental jurisdiction over certain claims pursuant to 28 U.S.C. § 1367.

**22.**

Quaglino consents to this Notice of Removal. *See* Consent to Removal, attached as Exhibit "C".

**23.**

Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Civil District Court for the Parish of Orleans, State of Louisiana.

509121/1

**24.**

Petitioners reserve the right to amend or supplement this Notice of Removal.

**25.**

Petitioners reserve all defenses, including, without limitation, insufficiency of process and insufficiency of service of process.

**26.**

Petitioners request trial by jury of all issues.


**WHEREFORE,** petitioners R.J. Reynolds Tobacco Company and Brown & Williamson Tobacco Corporation hereby remove the action now pending against them in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing Docket No. 99-20073, to this Honorable Court.


Respectfully submitted,


Phillip A. Wittmann, 13625
Stephen H. Kupperman, 7890, T.A.
Dorothy H. Wimberly, 18509
        Of
STONE, PIGMAN, WALTHER,
  WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana  70130
Telephone: (504) 581-3200

Counsel for R.J. Reynolds Tobacco Company


- 7 -

Carmelite M. Bertaut, 3054 *TA*
William F. Grace, 6199
Peter J. Rotolo III, 21848
CHAFFE, MCCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000

Counsel for Defendant, Brown &
Williamson Tobacco Corporation

- 8 -

509121/1