

```
           FILED
      U.S. DISTRICT COURT
   EASTERN DISTRICT OF LA

     2000 MAY -2  P 1:48

      LORETTA G. WHYTE
            CLERK
```

MINUTE ENTRY
BARBIER, J.
MAY 1, 2000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HUMBLES, ET AL | CIVIL ACTION |
| VERSUS | NO: 00-0003 |
| R.J. REYNOLDS TOBACCO, ET AL | SECTION: "J"(2) |

Before the Court is plaintiffs' **Motion to Remand**. Defendants oppose the motion. Following oral argument held on February 16, 2000, the motion was taken under advisement. Subsequently, plaintiffs' and defendants' counsel filed supplemental memoranda, which the Court has also considered.

Plaintiffs argue that this matter should be remanded because complete diversity is lacking, due to the presence of Quaglino Tobacco & Candy Company, a Louisiana corporation, as defendant in this suit. Defendants counter that Quaglino was fraudulently

```
   DATE OF ENTRY
   MAY - 2 2000
```



joined to defeat diversity, and that because plaintiffs cannot, as a matter of law, succeed in any of the claims against Quaglino, the motion to remand should be denied.

Plaintiffs claims against Quaglino are for failure to warn.[1] Following the reasoning of the Fifth Circuit in <u>Allgood v. R.J. Reynolds Tobacco Co.</u>, 80 F.3d 168, 172 (5th Cir.), <u>cert. denied</u>, 519 U.S. 930, 117 S. Ct. 300 (1996), which held that "[l]ike the dangers of alcohol consumption, the dangers of cigarette smoking have long been known to the community," the Court finds that Quaglino did not have a duty to warn Martha Duncan about the dangers of smoking cigarettes. Therefore, because the Court finds that defendants have successfully shown that there is no possibility that plaintiffs could establish a cause of action against Quaglino, the Court finds that Quaglino was fraudulently joined. See <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992). Accordingly;

---

[1] Although plaintiff's counsel has filed a supplemental pleading in which he seeks to add a redhibition claim, the Court considers removability at the time of removal. <u>Hook v. The Morrison Milling Co.</u>, 38 F.3d 776 (5th Cir. 1994). The petition at the time of removal contained no such claim, and in fact, in response to a direct question from the Court at oral argument, plaintiff's counsel stated that he was not pursuing a redhibition claim against Quaglino.

2

**IT IS ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) should be and is hereby **DENIED**.

* * * * * * * * *