FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 24  PM 3: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID HUMBLES and DALE H. HAYDELL | * * * | CIVIL ACTION |
| | * | NO. 00-0003 |
| Plaintiffs, | * * | SECTION "D" (2) |
| VERSUS | * * | JUDGE MCNAMARA |
| R.J. REYNOLDS TOBACCO COMPANY, QUAGLINO TOBACCO AND CANDY COMPANY, and BROWN & WILLIAMSON TOBACCO CORPORATION | * * * * | MAGISTRATE WILKINSON |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER MOTION TO REMAND

Defendants R.J. Reynolds Tobacco Company ("Reynolds") and Brown & Williamson Tobacco Corporation ("Brown & Williamson"), through their respective undersigned counsel and with reservation of any and all defenses, submit this opposition to plaintiffs' motion to reconsider motion to remand.[1] In asking this Court to remand this proceeding to state court,

---

[1] Plaintiffs' original motion to remand was denied by the Court. *See* Minute Entry of May 1, 2000 (R.Doc. 26), attached as Exhibit A.

- 1 -



583086/1

plaintiffs argue that the Fifth Circuit's decision in *Badon v. R.J.R. Nabisco Inc.*, 236 F.3d 282 (5th Cir. 2000), somehow mandates remand of this case.[2]

To the contrary, unlike plaintiffs in *Badon*, plaintiffs here do not allege a cause of action in redhibition. Neither their petition nor their original motion to remand even mentions a claim for redhibition. Indeed, in denying plaintiffs' original motion to remand, the Court specifically noted:

> Although plaintiff's counsel has filed a supplemental pleading in which he seeks to *add* a redhibition claim, the Court considers removability at the time of removal. *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). The petition at the time of removal contained no such claim, and in fact, in response to a direct question for the Court at oral argument, plaintiff's counsel stated that he was not pursuing a redhibition claim against Quaglino.
>
> Exhibit A at p. 2 (emphasis supplied).

---

[2] As this Court is aware, *Badon* involves a smoking and health lawsuit filed in state court in the Western District of Louisiana. Following removal, Judge Trimble denied plaintiffs' motion to remand, finding that plaintiffs had fraudulently joined the in-state defendants for the sole purpose of defeating diversity jurisdiction. In so holding, Judge Trimble ruled consistently with the vast majority of Louisiana federal district courts that had considered the same issue – a Louisiana plaintiff could not state a valid claim pursuant to Louisiana law against in-state distributors and retailers of cigarettes. *See, e.g., Lonkowski v. R.J. Reynolds Tobacco Co.*, No. 96-1192, 1996 WL 888182, *5 (W.D. La. Dec. 10, 1996) (holding "the plaintiffs have no possibility of recovery against" the in-state companies); *Vickrey v. R.J. Reynolds Tobacco Co.*, No. 96-2612, slip op. (W.D. La. Apr. 3, 1997) (holding plaintiffs failed to state a failure to warn claim against the in-state defendants); *Morgan v, United States Tobacco Co. Inc., et al.*, No. 97-0280, slip op. (W.D. La. Apr. 17, 1997) (denying a motion to remand on the ground that plaintiffs could state no viable cause of action against the in-state defendants). In its most recent *Badon* decision, the Fifth Circuit reversed Judge Trimble on the very narrow ground that a Louisiana plaintiff may be able to state a claim of redhibition against local cigarette distributors and retailers. 236 F.3d at 286.

The Court therefore found that Quaglino Tobacco and Candy Company ("Quaglino") was fraudulently joined and denied remand.³ *Id.*

The *Badon* decision has no effect on this Court's prior ruling. Plaintiffs' petition still does not state a redhibition claim against Quaglino. Therefore, *Badon* is not controlling. Complete diversity of citizenship exists between plaintiffs and the only properly joined defendants, Reynolds and Brown & Williamson Tobacco. Accordingly, plaintiffs' motion to reconsider motion to remand should be denied.⁴

Respectfully submitted,

*/s/ William D. Treeby*
Phillip A. Wittmann, 13625
William D. Treeby, 12901, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
 WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200

---

3   This Court determined that "[p]laintiffs' claims against Quaglino are for failure to warn," and that "Quaglino did not have a duty to warn the Martha Duncan [decedent] about the dangers of smoking cigarettes." *Id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir.), *cert. denied,* 519 U.S. 930, 117 S. Ct. 300 (1996)). Plaintiffs did not and do not now challenge the correctness of this ruling in the instant motion.

4   In further opposition to this motion, defendants incorporate by reference, as if fully set forth herein, their original memorandum in opposition to motion to remand (R.Doc. 12) and their reply to plaintiffs' supplemental memorandum in support of motion to remand (R.Doc. 23).

Dennis L. Murphy
Kevin D. Boyce
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
(216) 586-3939

Attorneys for Defendant
R.J. Reynolds Tobacco Company



Carmelite M. Bertaut, 3054
William F. Grace, 6199
Peter J. Rotolo III, 21848
CHAFFE, MCCALL, PHILLIPS,
 TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000

Attorneys for Defendant, Brown &
Williamson Tobacco Corporation

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Defendants' Memorandum in Opposition to Plaintiffs' Motion to Reconsider Motion to Remand has been served upon plaintiffs' counsel of record by hand delivery and upon all other counsel of record, by placing same in the United States Mail, postage prepaid and properly addressed, this 24th day of April, 2001.

*[signature]*

583086/1



MINUTE ENTRY
BARBIER, J.
MAY 1, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUMBLES, ET AL                                CIVIL ACTION

VERSUS                                        NO: 00-0003

R.J. REYNOLDS TOBACCO, ET AL                  SECTION: "J"(2)

Before the Court is plaintiffs' **Motion to Remand**. Defendants oppose the motion. Following oral argument held on February 16, 2000, the motion was taken under advisement. Subsequently, plaintiffs' and defendants' counsel filed supplemental memoranda, which the Court has also considered.

Plaintiffs argue that this matter should be remanded because complete diversity is lacking, due to the presence of Quaglino Tobacco & Candy Company, a Louisiana corporation, as defendant in this suit. Defendants counter that Quaglino was fraudulently

DATE OF ENTRY
MAY - 2 2000



EXHIBIT "A"

joined to defeat diversity, and that because plaintiffs cannot, as a matter of law, succeed in any of the claims against Quaglino, the motion to remand should be denied.

Plaintiffs claims against Quaglino are for failure to warn.[1] Following the reasoning of the Fifth Circuit in <u>Allgood v. R.J. Reynolds Tobacco Co.</u>, 80 F.3d 168, 172 (5th Cir.), <u>cert. denied</u>, 519 U.S. 930, 117 S. Ct. 300 (1996), which held that "[l]ike the dangers of alcohol consumption, the dangers of cigarette smoking have long been known to the community," the Court finds that Quaglino did not have a duty to warn Martha Duncan about the dangers of smoking cigarettes. Therefore, because the Court finds that defendants have successfully shown that there is no possibility that plaintiffs could establish a cause of action against Quaglino, the Court finds that Quaglino was fraudulently joined. See <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992). Accordingly;

---

[1] Although plaintiff's counsel has filed a supplemental pleading in which he seeks to add a redhibition claim, the Court considers removability at the time of removal. <u>Hook v. The Morrison Milling Co.</u>, 38 F.3d 776 (5th Cir. 1994). The petition at the time of removal contained no such claim, and in fact, in response to a direct question from the Court at oral argument, plaintiff's counsel stated that he was not pursuing a redhibition claim against Quaglino.

2

**IT IS ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) should be and is hereby **DENIED**.

* * * * * * * * *

3