

U.S. FILED
EASTERN DISTRICT COURT
DISTRICT OF LA
2001 MAY -2 PM 3: 46
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID HUMBLES and DALE H. HAYDELL | * * * | CIVIL ACTION |
| | * | NO. 00-0003 |
| Plaintiffs, | * * | SECTION "D" (2) |
| VERSUS | * * | JUDGE MCNAMARA |
| R.J. REYNOLDS TOBACCO COMPANY, QUAGLINO TOBACCO AND CANDY COMPANY, and BROWN & WILLIAMSON TOBACCO CORPORATION | * * * * | MAGISTRATE WILKINSON |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### QUAGLINO TOBACCO AND CANDY COMPANY'S
### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Quaglino Tobacco and Candy Company ("Quaglino"), through undersigned counsel and with full reservation of any and all defenses, submits this reply memorandum to address briefly the sole issue raised in plaintiffs' Opposition to Motion to Dismiss Filed by Quaglino Candy and Tobacco Co. (R.Doc. 35).

As set forth in Quaglino's Motion to Dismiss (R.Doc. 28),[1] plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs argue, however, that the Fifth

---

[1]   In its original memorandum, Quaglino fully describes the reasons why plaintiffs' petition should be dismissed. Rather than repeating those arguments here, Quaglino incorporates its motion and supporting memorandum as if fully set forth herein.



583124/1

Circuit's decision in *Badon v. R.J.R. Nabisco Inc.*, 236 F.3d 282 (5th Cir. 2000), somehow establishes that "there is a reasonable basis for prediction that plaintiffs might establish under Louisiana law liability against the manufacturers' agent – Quaglino." Pls. Opp. at 2. To the contrary, unlike plaintiffs in *Badon*, plaintiffs here do not allege a cause of action in redhibition against Quaglino. Neither their petition nor their original motion to remand even mentions a claim for redhibition.[2] Indeed, in denying plaintiffs' original motion to remand, the Court specifically noted:

> Although plaintiff's counsel has filed a supplemental pleading [a post-hearing memorandum in support of motion to remand] in which he seeks to *add* a redhibition claim, the Court considers removability at the time of removal. *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994). The petition at the time of removal contained no such claim, and in fact, in response to a direct question for the Court at oral argument, plaintiff's counsel stated that he was not pursuing a redhibition claim against Quaglino.
>
> Exhibit A at p. 2 (emphasis supplied).

The Court therefore found that Quaglino Tobacco and Candy Company ("Quaglino") was fraudulently joined and denied remand. *Id.* In its ruling, this Court determined that "[p]laintiffs' claims against Quaglino are for failure to warn," and that "Quaglino did not have a duty to warn the Martha Duncan [decedent] about the dangers of smoking cigarettes." *Id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir.), *cert. denied*, 519 U.S. 930, 117 S. Ct. 300 (1996)).

---

[2] Plaintiffs originally filed this case in state court in Orleans Parish. Defendants removed, alleging that Quaglino had been fraudulently joined. Plaintiffs' subsequent motion to remand was denied by this Court. *See* Minute Entry of May 1, 2000 (R.Doc. 26), attached as Exhibit A.

Shortly after this ruling, Quaglino filed its motion to dismiss. Prior to plaintiffs' opposition to the motion, Judge Barbier recused himself, the case was reallotted, and, following the lead of numerous other courts awaiting the *Badon* ruling, this Court administratively closed the case. Once mandate issued in *Badon*, this case was restored to the docket, Quaglino's motion to dismiss was set for hearing, and plaintiffs were ordered to filed an opposition.

The *Badon* decision, however, should have no effect on this Court's consideration of Quaglino's motion. This Court already has ruled that Quaglino was fraudulently joined, *i.e.*, that plaintiffs have no possibility of recovery against Quaglino. *See* Exhibit A at p. 2. Now that mandate has issued in *Badon*, nothing has changed -- plaintiffs still do not state a redhibition claim against Quaglino. Therefore, *Badon* has no effect on this motion and, for the reasons stated in its original motion and memorandum, Quaglino's motion to dismiss should be granted.

Respectfully submitted,

*Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
William D. Treeby, 12901, T.A.
Dorothy H. Wimberly, 18509
STONE, PIGMAN, WALTHER,
 WITTMANN & HUTCHINSON, L.L.P.
546 Carondelet Street
New Orleans, Louisiana  70130
(504) 581-3200

Attorneys for Defendant
Quaglino Tobacco and Candy Company

583124/1

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been served upon plaintiffs' counsel of record by hand delivery and upon all other counsel of record, by placing same in the United States Mail, postage prepaid and properly addressed, this 30th day of April, 2001.

_____

583124/1



MINUTE ENTRY
BARBIER, J.
MAY 1, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUMBLES, ET AL                              CIVIL ACTION

VERSUS                                      NO: 00-0003

R.J. REYNOLDS TOBACCO, ET AL                SECTION: "J"(2)

Before the Court is plaintiffs' **Motion to Remand**. Defendants oppose the motion. Following oral argument held on February 16, 2000, the motion was taken under advisement. Subsequently, plaintiffs' and defendants' counsel filed supplemental memoranda, which the Court has also considered.

Plaintiffs argue that this matter should be remanded because complete diversity is lacking, due to the presence of Quaglino Tobacco & Candy Company, a Louisiana corporation, as defendant in this suit. Defendants counter that Quaglino was fraudulently

DATE OF ENTRY
MAY - 2 2000





joined to defeat diversity, and that because plaintiffs cannot, as a matter of law, succeed in any of the claims against Quaglino, the motion to remand should be denied.

Plaintiffs claims against Quaglino are for failure to warn.[1] Following the reasoning of the Fifth Circuit in <u>Allgood v. R.J. Reynolds Tobacco Co.</u>, 80 F.3d 168, 172 (5th Cir.), <u>cert. denied</u>, 519 U.S. 930, 117 S. Ct. 300 (1996), which held that "[l]ike the dangers of alcohol consumption, the dangers of cigarette smoking have long been known to the community," the Court finds that Quaglino did not have a duty to warn Martha Duncan about the dangers of smoking cigarettes. Therefore, because the Court finds that defendants have successfully shown that there is no possibility that plaintiffs could establish a cause of action against Quaglino, the Court finds that Quaglino was fraudulently joined. See <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir. 1992). Accordingly;

---

[1] Although plaintiff's counsel has filed a supplemental pleading in which he seeks to add a redhibition claim, the Court considers removability at the time of removal. <u>Hook v. The Morrison Milling Co.</u>, 38 F.3d 776 (5th Cir. 1994). The petition at the time of removal contained no such claim, and in fact, in response to a direct question from the Court at oral argument, plaintiff's counsel stated that he was not pursuing a redhibition claim against Quaglino.

2

**IT IS ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) should be and is hereby **DENIED**.

* * * * * * * * *

3